Christine Pham
Legal Helpers, P.C.
260 California Street, Ste. 801
San Francisco, CA 94111
Tel: 1.866.339.1156
Fax: 1.312.822.1064
Email: cph@legalhelpers.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| Vandra Walker<br>7238 Pepperwood Noll Lane<br>Sacramento, CA 95842<br><br>    Plaintiff,<br><br>v.<br><br>Regent Asset Management Solutions, Inc.<br>c/o CSC-Lawyers Incorporating Service,<br>Registered Agent<br>2730 Gateway Oaks Dr, Suite 100<br>Sacramento, CA 95833<br><br>    Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a). Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

**FACTS COMMON TO ALL COUNTS**

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around May 7, 2010, Defendant telephoned Plaintiff's parents' residence and spoke to Plaintiff's mother ("Mother").

8. During this communication, Mother notified Defendant that Plaintiff did not live with her and could not be reached at Plaintiff's parents' residence.

9. Despite this notice, on or around May 8, 2010, Defendant telephoned Plaintiff's parents' residence and left a voice message.

10. On or around May 8, 2010, Plaintiff's father ("Father") telephoned Defendant in response to the above-referenced voice message.

11. During this communication, Defendant disclosed the existence, nature, and/or amount of Plaintiff's debt to Father.

12. On or around May 10, 2010, Plaintiff telephoned Defendant.

13. During this communication, Defendant threatened to sue Plaintiff if the debt was not paid in 24 hours.

14. At the time of this communication, Defendant had neither the intent nor ability to sue Plaintiff.

15. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

16. Defendant violated the FDCPA.

# COUNT ONE

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

# COUNT TWO

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and disclosed that Plaintiff owed the debt.

# COUNT THREE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party more than once and is without justification for multiple contacts.

# COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

# COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT EIGHT

### Violation of the Rosenthal Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. In falsely representing to Plaintiff the non-payment of the debt may result in legal action against Plaintiff, Defendant violated California Civil Code §§ 1788.10(e).

## COUNT NINE

### Violation of the Rosenthal Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. In communicating with members of Plaintiff's family for purposes other than obtaining location information, Defendant violated California Civil Code §§ 1788.12(b).

## COUNT TEN

### Violation of the Rosenthal Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. In falsely representing that a legal proceeding has been, or is about to be, or will be instituted against Plaintiff unless payment of the debt was made, Defendant violated California Civil Code §§ 1788.13(j).

## COUNT ELEVEN

### Invasion of Privacy by Public Disclosure of a Private Fact

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. Defendant released information which was private to Plaintiff and concerned Plaintiff's private life to Plaintiff's father.

39. Defendant's disclosure of Plaintiff's debt to this person is highly offensive.

40. The information disclosed is not of legitimate concern to the public.

## COUNT TWELVE

### Invasion of Privacy by Intrusion upon Seclusion

41. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

42. Defendant intentionally interfered, physically or otherwise, with Plaintiff's solitude, seclusion, and or private concerns.

43. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

44. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

45. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

46. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial.

## **JURY DEMAND**

47. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

48. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment against Defendant for actual damages pursuant to California Civil Code § 1788.30(a), statutory damages for a knowing or willful violation in an amount up to $1,000 pursuant to California Civil Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to California Civil Code § 1788.30(c).

    c. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    d. Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

    e. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: */s/ Christine Pham*
Christine Pham
260 California Street, Ste. 801
San Francisco, CA 94111
Tel: 1.866.339.1156
Fax: 1.312.822.1064
Email: cph@legalhelpers.com
*Attorneys for Plaintiff*